IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STONEWALL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 3:07-0051 |
| v. ) | JUDGE HAYNES |
| ) | |
| GAYLORD ENTERTAINMENT ) | |
| COMPANY a/b/a GRAND OLE OPRY ) | |
| and PETER FISHER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Stonewall Jackson, filed this action under the Age Discrimination Employment Act ("ADEA") and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq., against the Defendants: Gaylord Entertainment Company doing business as Grand Ole Opry ("Opry") and Peter Fisher, a Gaylord official. Plaintiff who is a member of the Grand Ole Opry alleges that the Defendants engaged in age discrimination in their scheduling of his performances at the Opry.

Before the Court is the Defendants' motion for partial summary judgment (Docket Entry No. 13), contending, in sum, that Plaintiff is not an employee within the meaning of the ADEA or the THRA and therefore, he cannot pursue these claims. Plaintiff responds, in essence, that he lacks the ability to control the Opry's schedule and facilities and cites the contract between Gaylord Entertainment Company and the American Federation of Television and Radio Artists ("AFTA") as well as other aspects of the parties' dealings.

For the reasons set forth below, the Court concludes that material disputed issues of fact exist on the nature of the parties' relationship and these factual disputes preclude an award of

partial summary judgment.

## A. Review of the Record

According to his affidavit, Jackson has been a member of the Opry since 1958 and developed his career at the Opry. (Docket Entry No. 21, Jackson Affidavit at ¶ 3). Jackson was told that he had to commit to a minimum of 26 appearances annually to maintain his membership in the Opry. Id at ¶ 4. Jackson states that since 1998, his appearances have steadily declined to zero. Id. According to Jackson, Fisher decides who performs at the Opry. (Docket entry No. 23, Plaintiff's Responses to the Defendants' Statement of Undisputed Facts at p. 2).

Jackson contends that his Opry appearances are governed by the Opry's contract with the American Federation of Television and Radio Artists ("AFTA"). (Docket Entry No. 21, Jackson Affidavit at ¶ 8) The AFTA contract provides, in pertinent part:

> "The Opry recognizes the American Federation of Television and Radio Artist as the sole and exclusive collective bargaining representative in respect to rates of pay, wages, hours or other conditions of employment <u>for the employees who are members of the Grand Old Opry whose principal function is that featured artists or "stars" of the Grand Ole Opry broadcast.</u>"

(Docket Entry No. 1, Complaint, Exhibit A thereto) (emphasis added). The AFTA contract also provides, in pertinent part, to grant the Opry:

> <u>The sole and exclusive rights of management shall include but are not limited to the right to: hire, assign, schedule, lay-off, recall, suspend, discharge or otherwise discipline employees for cause, determine and establish terms and conditions of their employments and direct their work; establish or continue policies, practices and procedures; determine performance levels and standards of performances and whether any employee meets such standards or levels; promulgate, maintain and enforce reasonable Opry rules governing the conduct of its employees, but such rules shall not be inconsistent with the specific terms of this Agreement; determine and schedule work and programing, the number of shows to be aired and to be performed and the number of performers required for each show;</u> introduce new or different formats, broadcast times, and dates; control all Opry

2

properties; direct and supervise all employees; determine the funding of each Opry benefit; take any measures as the Opry may determine to be necessary for the orderly, efficient and profitable operation of its business.

Id. at Paragraph 2 of the Article 4 (emphasis added). Moreover, the AFTA contract reads, "The Opry's failure to exercise any function or right hereby reserved to it or its exercising any function in a particular manner, shall not be deemed a waiver of the Opry's right to exercise such function or right, nor preclude the Opry from exercising such function or right in another manner." Id.

Plaintiff's other evidence is that Gaylord actually contributes 13% of each member's gross compensation to perform to the AFTRA Health and Retirement Funds. (Docket entry No. 23, Plaintiff's Responses to the Defendants' Statement of Undisputed Facts at p. 2). The Opry's "[c]ontributions made to the AFTRA Health and Retirement Funds shall be used solely: (a) for the purpose of <u>providing pension benefits for eligible employees under this contract</u>, and (b) for the purpose of providing <u>health benefits for eligible employees under this contract</u>." (Docket Entry No.1, Complaint, Exhibit A thereto at Article No. 8) (emphasis added). It is an undisputed fact that Opry deducts payroll taxes from Jackson's check and provides a W-4 form to Jackson at the end of the year.

## B. Conclusions of Law

To determine the existence of an employer/employee relationship under federal employment laws, the Supreme Court provided the following standards:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work;

3

the method of payment; the hired party's role in hiring and paying assistants; whether the work is party of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and tax treatment of the hired party.

Nationwide Mutual Insurance Company v. Darden, 503 U.S. 318, 322 (1992).

In the Sixth Circuit, whether the plaintiff is an employee versus independent contractor status is determined by "consider[ing] the entire relationship" of the parties. E.g., Johnson v. City of Saline, 151 F.3d 564, 568 (6th Cir. 1998). In Weary v. Cochran, 377 F.3d 522, 524 (6th Cir. 2004), the Sixth Circuit stated, "[s]ince the common-law test contains no shorthand formula or magic phrase that can be applied to find the answer . . . all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." The Sixth Circuit also noted that "[t]he crux of Darden's common law agency test is 'hiring path's right to control the manner and means by which the product is accomplished," id. at 525 quoting Darden, 503 U.S. at 323. The district court must also consider the "employment opportunities of the aggrieved individual." Johnson, 151 F.3d at 568 (quoting, in part, Simpson v. Ernst & Young, 100 F.3d 436, 442 (6th Cir. 1996)).

Until 1998 when Fisher was hired, Jackson was required to appear at minimum 26 times a year to maintain his membership and Jackson did so. Based upon the cited terms of the agreement with AFTA and the evidence of the parties' other dealings, the Court concludes that material factual disputes exist on whether the Plaintiff is an employee of the Opry. These material factual disputes preclude an award of partial summary judgment to the Defendants.

The Defendants rely upon Lerohl v. Friends of Minnesota Sinfonia, 322 F.3d 486 (8th Cir. 2002), but as the Eighth Circuit noted that, "there were not written contracts between the

4

Sinfonia and it musicians." Id. at 491. For this reason, the Court concludes that Lerohl is inapposite.

Accordingly, the Defendants' motion for partial summary judgment should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___14th___ day of December, 2007.

                                                WILLIAM J. HAYNES, JR.
                                                United States District Judge